**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF INDIANA**

| | |
|---|---|
| BRENDA LYNN WHITE, ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | No. 1:09-cv-1134-TWP-TAB |
| ) | |
| IPS, ) | |
| ) | |
| Defendant. ) | |

**Entry Granting Motion for Summary Judgment**
**and Directing Final Judgment**

Plaintiff Brenda White ("White") asserts claims of sexual harassment and retaliation in violation of Title VII of the Civil Rights Act of 1964, *as amended*, 42 U.S.C. § 2000e-5. The defendant is her former employer, Indianapolis Public Schools ("IPS"). For the reasons explained in this Entry, the motion for summary judgment filed by IPS (dkt 18) must be **granted.**

**Legal Standards**

Summary judgment is proper where the record after discovery "show[s] that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law." *Fed.R.Civ.P.* 56(c). To survive summary judgment, the nonmovant must set forth "specific facts showing a genuine issue for trial." *Fed.R.Civ.P.* 56(e). "Factual disputes are 'genuine' only 'if the evidence is such that a reasonable jury could return a verdict for the [non-movant].'" *Oest v. Illinois Dep't of Corrections,* 240 F.3d 605, 610 (7th Cir. 2001) (quoting *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986)).

White's right to proceed with her lawsuit based on the charges of sexual harassment and retaliation is linked to the timing of her receipt of her right to sue notice. Specifically, she has 90 days from receipt of the right to sue notice from the Equal Employment Opportunity Commission ("EEOC") in which to file suit. See 42 U.S.C. § 2000e-5(f)(1). The 90-day period begins to run on the date the plaintiff actually received the right to sue notice. *Bobbitt v. Freeman Companies*, 268 F.3d 535, 538 (7th Cir. 2001); *Houston v. Sidley & Austin*, 185 F.3d 837, 839 (7th Cir. 1999).

## Discussion

IPS seeks summary judgment on the grounds that White's lawsuit was not timely filed. On September 25, 2008, White filed a charge with the EEOC, No. 470-2008-04207, alleging sexual harassment and retaliation. A right to sue notice was subsequently issued by the EEOC on June 4, 2009. White filed this lawsuit on September 11, 2009, 99 days after the right to sue notice was issued. The right to sue notice states, in relevant part:

> You may file a lawsuit against the respondent(s) under federal law based on this charge in federal or state court. Your lawsuit **must be filed WITHIN 90 DAYS of your receipt of this notice;** or your right to sue based on this charge will be lost.

There are two right to sue notices contained in the record. The June 4, 2009, notice has the same Charge No. 470-2008-04207, as does White's charge. The August 25, 2009, notice has a different EEOC Charge No., 470-2009-00336. The right to sue notice relevant to this lawsuit was issued on June 4, 2009.

The record does not establish when White received the right to sue notice. In discussing how to determine when White received the right to sue notice in the mail, IPS acknowledges that courts have varied in adopting either a three-day or five-day presumption of receipt of a right to sue notice after it is issued. *See Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 148 n.1 (1984) (applied three-day presumption borrowed from *Fed.R.Civ.P.* Rule 6(d)); *Loyd v. Sullivan* 882 F.2d 218, 218 (7th Cir. 1989) (five day common law presumption); *Saunders v. American Warehousing Services, Inc.*, 2003 WL 21266652 at *2, n.1 (N.D.Ill. May 30, 2003) ("The five-day receipt presumption is a useful abstract fiction when the Court has no other facts to rely upon."). In this case, because White has not presented evidence of the actual receipt date, even if the more generous five-day presumption is applied, the date received would be Tuesday June 9, 2009. Based on that date of receipt, the last date to timely file a lawsuit would have been Monday September 7, 2009. As noted above, the lawsuit was filed on Friday September 11, 2009, four days late.

In her complaint, White states, "I am asking if I may be allowed to continue in spite of the confusion. [(timeliness} of filing.]." She also explains in her complaint,

> I missed the date to submit claim because I misinterpreted the information. Later, I noticed that there were two different numbers. I thought the sexual harassment claim was being extended.
>
> * * *
>
> I thought that I was being granted extended time because file hadn't arrived. I thought I had until October 25, 2009, to file. The date stamp shows August 25, 2009, but I found out yesterday that the 25th date was for a different cause. I was mixed up somehow.

White asks the court to allow the case to continue despite her having filed the complaint late. She alleges she "misinterpreted the information," she was "mixed up somehow" and there was "confusion" on her part as to the due date. The doctrine of equitable estoppel authorizes a court to extend a statute of limitations for a plaintiff who, "because of disability, irremediable lack of information, or other circumstances beyond his control just cannot reasonably be expected to sue in time." *Miller v. Runyon*, 77 F.3d 189, 191 (7th 1996); *see also Behavioral Institute of Indiana, LLC v. Hobart City of Common Council*, 406 F.3d 926, 932 (7th Cir. 2005). White has alleged no disability or circumstances beyond her control which prevented her from timely filing the lawsuit. Rather, she reports being confused and thus misinterpreted the information she had been provided. Equitable tolling is rarely applied, and under the circumstances presented here, it is not warranted. *See Threadgill v. Moore U.S.A., Inc.*, 269 F.3d 848, 850-51 (7th Cir. 2001) ("Equitable tolling, however, is reserved for situations in which the claimant has made a good faith error (*e.g.*, brought suit in the wrong court) or has been prevented in some extraordinary way from filing his complaint in time.") (internal quotation omitted).

Accordingly, because there is no genuine issue of fact as to whether this lawsuit was filed within 90 days of White's receipt of the right to sue notice issued relative to her claims, the action is time-barred. *Grayson v. O'Neill*, 308 F.3d 808, 817 (7th Cir. 2002) (retaliation claim filed several days after the 90 day deadline expired was time-barred); *Jones v. Madison Service Corp.*, 744 F.2d 1309, 1314 (7th Cir. 1984) (affirmed grant of summary judgment to defendant when plaintiff filed lawsuit on 92nd day); *Wilson v. Doctors Hosp. of Hyde Park*, 909 F.Supp 580 (N.D.Ill. 1996) (dismissed employment discrimination complaint where plaintiff filed lawsuit one day late); 42 U.S.C. § 2000e-5(f)(1). For this reason, the court cannot reach the merits of White's claims.

## Conclusion

The motion for summary judgment filed by IPS (dkt 18) is **granted** because the undisputed evidentiary record establishes that IPS is entitled to judgment as a matter of law. Judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/2/2010

Hon. Tanya Walton Pratt, Judge
United States District Court
Southern District of Indiana